Appeal No. 24-3893

## IN THE UNITED STATES
## COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE: SUBPOENA TO REDDIT, INC.,

Killing Link Distribution, LLC,
Screen Media Ventures, LLC, and Voltage Holdings,

*Appellants,*

v.

Reddit, Inc.

*Appellee,*

On Appeal from the United States District Court
for the Northern District of California
No. 1:24-mc-80005-JD
Hon. James Donato

## APPELLEE REDDIT'S ANSWERING BRIEF

Eric B. Wolff
Jordan C. Harris
PERKINS COIE LLP
1201 Third Avenue Suite 4900
Seattle, Washington
Phone: (206) 359-8000

Hayden Schottlaender
PERKINS COIE LLP
500 N Akard Street, Suite 3300
Dallas, Texas
Phone: (206) 359-8000

*Attorneys for Interested Party-Appellee Reddit, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................1

JURISDICTIONAL STATEMENT ......................................................3

ISSUES PRESENTED ..........................................................................3

STATEMENT OF THE CASE ..............................................................4

STANDARD OF REVIEW ...................................................................9

SUMMARY OF ARGUMENT ...........................................................11

ARGUMENT......................................................................................11

   I.  The district court did not abuse its discretion in its weighing of
      probative value and undue burden. ........................................12

      A. The district court reasonably found that the subpoena had *de
         minimis* probative value.................................................13

      B. The district court reasonably found that Appellants could get first-
         party discovery from Frontier. ...........................................14

      C. Given *de minimis* probative value and availability from first-party
         discovery, the district court reasonably found undue burden on
         Reddit. ............................................................................17

  II. The magistrate judge correctly applied a heightened standard
      because of the First Amendment rights of Reddit's users...................19

      A. Both the speech at issue and the speakers' anonymity are
         protected by the First Amendment.....................................20

      B. Application of a more stringent third-party discovery standard
         like that set forth in *2TheMart* is appropriate here. ...........22

      C. Under the *2TheMart* standard, the subpoena here was rightly
         quashed, and this Court may affirm on this alternative ground. ..27

CONCLUSION ..................................................................................28

i

# TABLE OF AUTHORITIES

**CASES**

*Acuity v. Kersteins Home & Designs, Inc.*,
  No. 16-cv-02800, 2018 WL 3375015 (S.D. Ind. July 10, 2018) ....................23

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
  300 F.R.D. 406 (C.D. Cal. 2014) .........................................................................20

*Antman v. Uber Techs., Inc.*,
  No. 15-cv-01175, 2016 WL 164294 (N.D. Cal. 2016) ...................................32

*Buckley v. Am. Const. L. Found., Inc.*,
  525 U.S. 182 (1999) ...............................................................................................32

*Cacique, Inc. v. Robert Reiser & Co.*,
  169 F.3d 619 (9th Cir. 1999) ...............................................................................19

*Castro v. Doe*,
  No. 23-mc-80198, 2023 WL 9232964 (N.D. Cal. Oct. 12, 2023) ...................30

*Counterman v. Colorado*,
  600 U.S. 66 (2023) ................................................................................7, 25, 26

*Doe v. 2TheMart.com*,
  140 F. Supp. 2d 1088 (W.D. Wash. 2001) ..........................7, 11, 12, 28, 29, 32

*Exxon Shipping Co. v. U.S. Dep't of Interior*,
  34 F.3d 774 (9th Cir. 1994) .................................................................................20

*Gilead Scis., Inc. v. Khaim*,
  24-CV-4259, 2024 WL 4675191 (E.D.N.Y. Nov. 5, 2024) ............................23

*Hallet v. Morgan*,
  296 F.3d 732 (9th Cir. 2002) ...........................................................17, 19, 21, 23

*In re Anonymous Online Speakers*,
  661 F.3d 1168 (9th Cir. 2011) ...............................................7, 24, 27, 28, 30

*In re Reddit, Inc.*,
671 F. Supp. 3d 1022 (N.D. Cal. 2023) ("*Reddit I*") ............. 11, 12, 13, 23, 25

*In re Reddit, Inc.*,
No. 23-mc-80173, 2023 WL 4849434 (N.D. Cal. July 29, 2023)
("*Reddit II*") .......................................................................... 11, 23, 25

*Jennings v. Stephens*,
574 U.S. 271 (2015) ......................................................................... 15

*Johnson v. Barr*,
79 F.4th 996 (9th Cir. 2023) ............................................................ 15

*Malibu Media, v. John Does 1 through 10*,
No. 12-cv-3623, 2012 WL 5382304 (C.D. Cal. June 27, 2012) ...................... 31

*Mount Hope Church v. Bash Back!*,
705 F.3d 418 (9th Cir. 2012) ............................................................ 20

*Mueller v. Auker*,
700 F.3d 1180 (9th Cir. 2012) ................................................... 14, 16, 17

*Nidec Corp. v. Victor Co. of Japan*,
249 F.R.D. 575 (N.D. Cal. 2007) ...................................................... 20

*Nordstrom v. Ryan*,
856 F.3d 1265 (9th Cir. 2017) .......................................................... 15

*Obi Pharma, Inc. v. Does 1-20*,
No. 16-CV-2218, 2017 WL 1520085 (S.D. Cal. Apr. 27, 2017) ...................... 30

*Pac. Century Int'l, Ltd. v. Does 1-37*,
282 F.R.D. 189 (N.D. Ill. 2012) ......................................................... 23

*Reza v. Pearce*,
806 F.3d 497 (9th Cir. 2015) ....................................................... 19, 20

*SaleHoo Grp. v. ABC Co.*,
722 F. Supp. 2d 1210 (W.D. Wash. 2010) .......................................... 31

iii

*Seattle Times Co. v. Rhinehart*,
467 U.S. 20 (1984)...................................................................................14

*Shaw v. Bank of Am. Corp.*,
946 F.3d 533 (9th Cir. 2019)...............................................................14

*SI03, Inc. v. Bodybuilding.com*,
No. 07-cv-6311, 2008 WL 11348458 (D. Idaho May 1, 2008) ....................31

*United States v. Columbia Broad. Sys., Inc.*,
666 F.2d 364 (9th Cir. 1982)...............................................................20

*United States v. Rundo*,
990 F.3d 709 (9th Cir. 2021)...............................................................26

*W. Coast Prods., Inc. v. Swarm Sharing Hash Files*,
No. 12-cv-1713, 2012 WL 3560809 (W.D. La. Aug. 17, 2012) ....................23

*Wirt v. Twitter, Inc.*,
No. 21-mc-801660, 2021 WL 5919846 (N.D. Cal. Dec. 15, 2021) ...............30

**STATUTES**

17 U.S.C. § 506(a) .....................................................................................25

28 U.S.C. § 1291 ........................................................................................8

28 U.S.C. § 1334.........................................................................................8

**RULES**

Fed. R. Civ. P. 26.....................................................................15, 16, 17, 18, 20

Fed. R. Civ. P. 45.......................................... 6, 7, 15, 16, 18, 20, 22, 23, 33

**CONSTITUTIONAL AUTHORITIES**

U.S. Const. amend. I.................................................6, 11, 13-16, 22-32

## INTRODUCTION

Appellants are copyright holders suing an internet service provider (Frontier) for its allegedly lax enforcement against piracy of their films. Despite conceding that they have first-party discovery from Frontier identifying its top pirates, Appellants nevertheless subpoenaed non-party Reddit for information on six Reddit users with no connection to the litigation other than the fact that they once *talked about* pirating films in an online forum. The subpoena was correctly quashed.

First, this Court reviews ordinary Rule 45 discovery rulings for abuse of discretion, and the district court here was well within its discretion. After concluding that the information sought had *de minimis* probative value and was easily obtainable through first-party discovery, the district court found that any burden on Reddit was "undue." On these grounds alone, this Court may affirm.

Second, applying the normal Rule 45 standard was, in fact, erroneously favorable to Appellants. The anonymous speech targeted by the subpoena is unquestionably protected by the First Amendment. Talking about pirating movies is not copyright infringement, and even the "advocacy of illegal acts" is "within the First Amendment's core."

1

*Counterman v. Colorado*, 600 U.S. 66, 76 (2023). Thus, because the subpoena seeks to unmask anonymous third-party speakers for their protected speech, a heightened standard should have applied, as the magistrate judge correctly concluded. While this Court has not definitively adopted a specific formulation of which heightened standard should apply in circumstances like these, *see generally In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011), many courts have used the standard from *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001), which the magistrate judge applied here. This Court's explicit adoption of that standard would provide helpful guidance to lower courts and parties, and safeguard against the use of third-party subpoenas to chill constitutionally protected speech.

Ultimately, however, the choice of standard is irrelevant to the outcome in this case because the district court correctly determined that Appellants' subpoena cannot even pass basic Rule 45 standards, given the minimal relevance and alternative sources for the discovery. Every day, millions of people engage in conversations on Reddit; Appellants' subpoena targets six of those millions not because Appellants contend that those users are liable or implicated at all in the underlying litigation, but

2

merely because they are six people (out of the presumably countless more) who happened to have a conversation about piracy online that happened to be stumbled upon by Appellants. This Court should affirm the district court's quashing of the subpoena because, at best, it is nothing more than a fishing expedition, and at worst, it is a targeted attempt to intimidate Reddit users and chill their speech.

## JURISDICTIONAL STATEMENT

This appeal involves a third-party subpoena in a federal bankruptcy matter. The district court had jurisdiction under 28 U.S.C. § 1334. It entered a final order quashing the subpoena on May 16, 2024. Appellants timely appealed on June 17, 2024. This Court has jurisdiction to review that final order under 28 U.S.C. § 1291.

## ISSUES PRESENTED

Whether the district court abused its discretion in quashing a third-party subpoena seeking to learn the identities of six uninvolved speakers on Reddit talking about piracy, when the underlying case is against an internet service provider and Plaintiff-Appellants have access to the service provider's data showing which of its subscribers have engaged in piracy.

3

In the alternative, whether the district court should have quashed the subpoena pursuant to a heightened standard because the third-party subpoena targeted anonymous speakers engaging in constitutionally protected speech.

## STATEMENT OF THE CASE

Appellant Killing Link owns the copyright to the 2019 video-on-demand movie *Kill Chain*. Opening Br. at 10. Appellant Screen Media Ventures is undergoing chapter 7 bankruptcy, but prior to that, helped market *Kill Chain* and owns the copyrights to several other films. *Id.* Appellants allege that internet service provider Frontier is failing to stop piracy of the films. Specifically, they allege that Frontier does not honor their notices of infringement concerning IP addresses of users who are known copyright infringers. *Id.* at 13.

Appellants have obtained IP addresses of infringers from Frontier. Appellants admitted before the district judge that Frontier disclosed the names and email addresses for approximately 80 subscribers associated with IP addresses requested by Appellants. E.R._10.

 Notwithstanding that first-party discovery, Appellants are nevertheless seeking to unmask six anonymous Reddit users who merely

4

talked about pirating movies in general (not with respect to Appellants'
movies in particular) in some of Reddit's numerous online communities.

Reddit is a community of online forums (called "subreddits") where
every day millions of people (often colloquially called "Redditors") around
the world engage in conversations about shared interests. There are
subreddits devoted to virtually every topic imaginable—from sports teams
to gardening to the internet's cutest animals. Because Reddit is a
conversation-based platform, Redditors engage in subreddits through
pseudonymous usernames, and it is not customary for Redditors to use
their real names or otherwise provide identifying information when they
post. Opening Br. at 12; *see also* E.R._63, 94, 105. Anonymity is a key feature
of Reddit that facilitates the free flow of ideas and authentic engagement in
discussions. Opening Br. at 12; *see also* E.R._63 n.6.

In December 2023, Appellants served on Reddit the third-party

subpoena at issue seeking the IP addresses of six Redditors who made

comments that Appellants claim demonstrate the ease with which a

Frontier user could engage in video piracy on the ISP. Opening Br. at 12.

For example:



ben125125 · 11 mo. ago

Im also fairly sure that these emails are actually fairly useless. As in they will never
actually kick you off at my house over the years i think we got about 5 with RCN
and they still let us use there services

⬆ 1 ⬇   Share   Report   Save

E.R._32. Reddit objected because providing these users' IP addresses would

violate their First Amendment rights to anonymous speech. Reddit cited

*Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001), and two prior

decisions quashing essentially the same subpoena and involving essentially

the same parties, *In re Reddit, Inc.*, 671 F. Supp. 3d 1022 (N.D. Cal. 2023)

("*Reddit I*") (Beeler, M.J.) and *In re Reddit, Inc.*, No. 23-mc-80173, 2023 WL

4849434 (N.D. Cal. July 29, 2023) ("*Reddit II*") (Beeler, M.J.). E.R._142–143.

As reflected by those prior Reddit decisions, Appellants have

engaged in something of a campaign against Reddit users. Indeed, given

Appellants' persistence despite numerous adverse rulings, it is difficult to

6

avoid the conclusion that their ultimate goal is to chill Redditors' lawful speech. In February 2023, essentially the same copyright holders subpoenaed Reddit to unmask seven Reddit users under a nearly identical theory. E.R._89, 94–95 (discussing *Reddit I*). In *Reddit I*, the district court found that the subpoena failed to meet the requirements of the *2TheMart* standard to unmask a third-party witness. E.R._95 (citing *Reddit I*, 671 F. Supp. 3d at 1027). And again in June 2023, a nearly identical attempt to unmask Reddit users was quashed because it likewise failed to meet the *2TheMart* standard. E.R._95 (citing *Reddit II*).

The standard the courts applied in those decisions required the moving party to clearly demonstrate on record that: (1) the subpoena was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) identifying information for an anonymous speaker is directly and materially relevant to the claim or defense, and (4) the information sufficient to establish or to disprove the claim or defense is unavailable from any other source. *See 2TheMart*, 140 F. Supp. 2d at 1095.

Consistent with *Reddit I* and *II*, the magistrate judge here quashed Appellants' subpoena pursuant to the same standard, finding that

7

"Movants cannot meet the *2TheMart* standard because the evidence they seek can be obtained from other sources, including from Frontier in the normal course of discovery." E.R._71. Appellants sought reconsideration with the district court. *Id.* at 56–61. Applying basic discovery rules, the district court found that the *de minimis* probative value of the discovery sought did not justify burdening a non-party. *Id.* at 5, 17–18. The court explained:

> Look, I'm very skeptical that this meets the basic criterion for production. This is a Rule 45. This is third party. They don't owe you the time of day. And so questions of relevance and burden and disproportionate amount of resources and can you get it from other people are particularly sharp in the Rule 45 context because they're not a party to any of this.
>
> …
>
> And relevance, *I'm not blocking this on relevance*, but it's a factor to take into account with everything else cumulatively. The relevance to proving that Frontier was not reasonably enforcing a repeat infringer policy under Section 512 of the DMCA is just very, very weak.

*Id.* at 17–18 (emphasis added). Quashing the subpoena based upon its unwarranted burden on a third-party, the district court did not weigh the First Amendment considerations as other courts had. *Id.* at 17 ("But we don't have to get to that. We can just deal with this more on the nuts-and-

8

bolts aspects of discovery."). In so doing, however, the district court commented erroneously and in passing that the Redditors' speech was *about* copyright infringement and therefore unprotected by the First Amendment. *Id.*

## STANDARD OF REVIEW

This Court reviews a district court's discovery rulings for abuse of discretion. *See, e.g.*, *Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 537 (9th Cir. 2019); *Mueller v. Auker*, 700 F.3d 1180, 1194–95 (9th Cir. 2012). Discovery rulings are afforded considerable deference because district courts are in the "best position to weigh fairly the competing needs and interests of the parties affected by discovery," which requires they be given "substantial latitude." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Appellants argue that the district court's ruling should be reviewed *de novo* because the court applied "the wrong legal rule" or erred in an "interpretation of the Federal Rules of Civil Procedure." Opening Br. at 19–20. At no point do Appellants set forth what "wrong legal rule" was applied or what misinterpretation of the Federal Rules of Civil Procedure occurred, arguing only that the district court should have applied the broad rule of Rule 26(b)(1). Rather, a close review of Appellants' Opening

9

Brief reveals that Appellants actually take issue with the district court's weighing of the Rule 45 factors, which is a classic discovery decision subject to abuse of discretion review.

While this Court can affirm the district court's ruling below based on its review of the court's discovery ruling for abuse of discretion, whether speech is protected by the First Amendment, and if so, what standard should apply to protect it, are issues reviewed *de novo*. *See, e.g.*, *Nordstrom v. Ryan*, 856 F.3d 1265, 1269 (9th Cir. 2017). Because the district court made no First Amendment ruling, only a passing comment, this Court need not reach the First Amendment issue. But if the district court had made a ruling, and to the extent this Court wishes to reach that issue, such a determination would be reviewed *de novo*. *See id.* [1]

---

[1] Appellants note that Reddit did not file a cross appeal and assert that Reddit therefore cannot argue that the First Amendment applies here. Opening Br. 33. But a prevailing party need not file a cross appeal to raise alternative arguments for affirming. *See Jennings v. Stephens*, 574 U.S. 271, 282–83 (2015). And this Court can affirm on "any ground supported by the record." *Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023).

## SUMMARY OF ARGUMENT

The district court did not abuse its discretion in quashing Appellants' third-party subpoena based on the standards set forth in the Federal Rules of Civil Procedure governing discovery. Targeting non-party Reddit users merely discussing movie piracy is plainly unreasonable where the underlying case is one of infringement against an internet service provider that can provide the identities of its subscribers who were engaging in piracy as part of routine first-party discovery.

While the district court should have recognized the First Amendment rights of Reddit's users and applied an even more stringent standard than it did, any error in that respect is irrelevant to the outcome. This Court should affirm the quashing of the subpoena.

## ARGUMENT

The decision below was based on the "nuts-and-bolts aspects of discovery." E.R._17. The district court weighed the probative value of the evidence sought and whether it was available elsewhere against the burden on a non-party, as dictated by Rules 26 and 45. That type of weighing of factors is routinely reviewed only for abuse of discretion. *Mueller*, 700 F.3d at 1194–95. "Such abuses must be unusual and exceptional; [the Court] will

11

not merely substitute [its] judgment for that of the trial judge." *Id.* at 1194–95; *see also* Fed. R. Civ. P. 26(c). A district court has broad discretion when managing discovery, and its discovery rulings are afforded considerable deference: a "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**I. The district court did not abuse its discretion in its weighing of probative value and undue burden.**

Although Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, contrary to Appellants' contention, this discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Moreover, Federal Rule of Civil Procedure 26(b)(2)(C) permits restrictions on discovery when it "is obtainable from

some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). In addition, Rule 45 restricts discovery on non-parties where the discovery presents an "undue burden." The district court properly quashed the subpoena under those rules because the evidence Appellants seek had minimal probative value and was obtainable from Frontier.

### A. The district court reasonably found that the subpoena had *de minimis* probative value.

Appellants could not explain how obtaining the identities of six Redditors merely discussing piracy in an online forum mattered to their case against Frontier. E.R._12–13, 17–18. When pressed by the district court, Appellants' counsel argued that it would allow them to show that Frontier had not reasonably enforced its copyright infringement policy. *Id.* But as the district court pointed out, the six examples from Reddit are "such a small sample, it seems largely irrelevant" and "has zero impact on whether Frontier was reasonably enforcing [against piracy] or not" since six out of thousands of Frontier users was not sufficient evidence for "a reasonable

13

judge [to] say that that was unreasonable enforcement of a policy." *Id.* at 14, 17–18.

The district court's conclusion was entirely reasonable. Discovery may be modified or quashed when it serves only to make a proponent's claims "slightly more likely" and yet is available from less burdensome alternative sources. *Reza v. Pearce*, 806 F.3d 497, 508 (9th Cir. 2015). *See also Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 622–25 (9th Cir. 1999) (rejecting need for non-party discovery that was "not an important part of the liability issues to be decided" in the underlying case); *Hallet*, 296 F.3d at 751 (denying motion to compel for information that "was only minimally relevant").

## B. The district court reasonably found that Appellants could get first-party discovery from Frontier.

Appellants already have from Frontier the information required to subpoena and depose the top infringers on the Frontier platform. *See* E.R._ 14–15. The magistrate judge noted that Appellants conceded as much. *Id.* at 69. Even in party discovery, it is proper to limit discovery if it "is obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the

14

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C); *see, e.g.*, *Reza*, 806 F.3d at 508; *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).

As the district court correctly noted, there is heightened sensitivity when applying that rule to discovery aimed at non-parties. Fed. R. Civ. P. 45(d)(1); *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012) (recognizing the special need to protect nonparty witnesses); *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (same).

Indeed, Rule 45 requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). This is because "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" of the information to the requesting party and the burden to a non-party of responding to the subpoena. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998)); *see also United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982).

Appellants offer essentially nothing in response to the district court's conclusion that they have "ample resources, either in hand or available directly from Frontier, to do this without burdening a complete bystander third party." E.R._18. Appellants argue that they cannot get information on top infringers because information from before September 2019 is not available. Opening Br. at 28. That argument is contrary to the concession by Appellants, cited by the magistrate judge, E.R._69, that they *do* have the information on the top infringers. Appellants also say that their ability to accomplish their objectives through first-part discovery is "wildly unrealistic" under the case schedule. Opening Br. at 29. They provide no explanation of why that is so or why they could not have accomplished it earlier.

To set aside the district court's finding on availability from first-party discovery, Appellants must make "the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallet*, 296 F.3d at 751. They cannot even come close to meeting this standard. At best, they offer drive-by arguments that provide a clear showing of nothing.

16

**C.** **Given *de minimis* probative value and availability from first-party discovery, the district court reasonably found undue burden on Reddit.**

Appellants argue that the district court erred when it found the subpoena's burden outweighed its probative value because there was no evidence of a burden and Reddit did not even argue that it faced a burden. Opening Br. at 29–31. But the district court considered "undue burden" because it is part of the applicable standard under Rule 45, and the crux of the district court's ruling was that *any* burden on Reddit as a third-party was "undue" as the information sought was of so little probative value and Appellants had "ample" resources from Frontier.

Further, Appellants are wrong in saying Reddit never raised the issue of burden. Reddit absolutely raised the burden on the First Amendment rights of its users. Ironically, Appellants acknowledge Reddit's arguments in that respect immediately after insisting that Reddit never raised any issue of burden. Opening Br. at 32.

Ultimately, there was simply *no* basis to impose *any* burden given the lack of probative value and alternative sources through which Appellants could easily obtain the information from Frontier (and already had). As noted above, the district court quashed the subpoena based entirely on its

application of the Federal Rules of Civil Procedure, and particularly Rule 45 governing third-party subpoenas, for entirely discovery-based reasons. Numerous courts have quashed subpoenas to non-parties similar to this one.[2]

Appellants have not met their burden of clearly showing that the district court abused its discretion in concluding that any burden on Reddit and its users would be undue in light of the minimal probative value and ready availability of evidence in first-party discovery.

On the basis of the district court's reasonable ruling so concluding, this Court may affirm.

---

[2] *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 198 (N.D. Ill. 2012); *W. Coast Prods., Inc. v. Swarm Sharing Hash Files*, No. 12-cv-1713, 2012 WL 3560809, at *4 (W.D. La. Aug. 17, 2012); *Reddit I*; *Reddit II. See also Hallett*, 296 F.3d at 751 (affirming quashing of non-party subpoena because it was of "minimal relevance"); *Gilead Scis., Inc. v. Khaim*, 24-CV-4259, 2024 WL 4675191, at *7 (E.D.N.Y. Nov. 5, 2024) (quashing non-party subpoena because relevance was disproportionate to the needs of the case); *Acuity v. Kersteins Home & Designs, Inc.*, No. 16-cv-02800, 2018 WL 3375015, at *2 (S.D. Ind. July 10, 2018) (quashing non-party subpoena seeking information insufficiently related to copyright infringement action and available through party discovery).

## II. The magistrate judge correctly applied a heightened standard because of the First Amendment rights of Reddit's users.

As noted above, the district court's quashing of the subpoena may be affirmed without any consideration of the First Amendment issues in this case. But should this Court wish to address the First Amendment, as a matter of law, the district court should have applied a heightened standard because Appellants' subpoena seeks to unmask anonymous Redditors for engaging in constitutionally protected speech.

This Court has affirmed application of a heightened standard to third-party subpoenas like this, but it has not yet adopted the specific test courts should apply. *See In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011). The magistrate judge's application of the *2TheMart* standard was entirely appropriate, and this Court's approval of that ruling would provide helpful guidance on these issues.

Subpoenas like the one at issue are often used to intimidate speakers and silence legitimate speech. Adoption of a robust standard like that set forth in *2TheMart* would strike the right balance: ensuring that legitimate discovery needs are met, while inserting judicial safeguards against efforts aimed at chilling protected speech.

19

### A. Both the speech at issue and the speakers' anonymity are protected by the First Amendment.

It is well established that the First Amendment protects speech about things that are illegal, whether that be illegal drug use, illegal immigration, copyright infringement, or anything else. There is a significant difference between protected speech *about* copyright infringement, such as the Reddit posts at issue here, and speech *consisting of* copyright infringement, such as, for example, a hypothetical post containing a full reproduction of a copyrighted book of poems. Speech *about* copyright infringement is protected by the First Amendment. *See, e.g.*, *Reddit I*, 671 F. Supp. 3d at 1025–26; *Reddit II*, 2023 WL 4849434, at *2–3. Indeed, not only discussion of, but the actual "advocacy of illegal acts" is "within the First Amendment's core." *Counterman*, 600 U.S. at 76.

Thus, the district court was wrong to view the *discussion of* copyright infringement (as opposed to the act of infringement itself) as unprotected. *Talking* about copyright infringement is not, itself, copyright infringement (which is the unauthorized reproduction of a protected work, 17 U.S.C. § 506(a)). If one were to say, "I think copyright infringement laws are stupid, and I have and will continue to violate them," that is core protected

20

speech under the First Amendment, just as it would be protected if one were to say, "racial segregation laws are stupid, and I have and will continue to violate them." Even further, as emphasized in *Counterman*, "mere advocacy" is also protected: i.e., "And I think others should violate those laws, too."

Thus, this Court struck down an anti-riot act's prohibition on speech "encouraging" riots as overbroad because merely "encouraging" illegal conduct is insufficient to meet *Brandenburg's* long-standing "incitement" standard. *United States v. Rundo*, 990 F.3d 709, 717 (9th Cir. 2021). In short, speech about illegal conduct is protected speech unless it is intended and likely to provoke immediate unlawful action. *Counterman*, 600 U.S. at 76. Here, even if "incitement" to copyright infringement were possible, Appellants have made no effort to show that the six subject Redditors were engaging in any such speech, nor could they. *See generally, e.g.*, E.R._56–61.

The magistrate judge also properly understood that the six Redditors' decision to engage in *anonymous* online speech is likewise protected by the First Amendment. E.R._65–66. "[A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by

21

the First Amendment." *Anonymous Online Speakers*, 661 F.3d at 1173

(quoting *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)). "As

with other forms of expression, the ability to speak anonymously on the

Internet promotes the robust exchange of ideas and allows individuals to

express themselves freely without 'fear of economic or official retaliation …

[or] concern about social ostracism.'" *Anonymous Online Speakers*, 661 F.3d

at 1173 (quoting *McIntyre*, 514 U.S. at 341–42).

In sum, the Redditors' speech is unquestionably protected by the

First Amendment and, thus, as discussed below, application of the

heightened *2TheMart* standard is appropriate.

## B. Application of a more stringent third-party discovery standard like that set forth in *2TheMart* is appropriate here.

Courts, including this Court, have recognized that third-party

subpoenas seeking to "unmask" (or identify) anonymous speakers

implicate the First Amendment and should thus be subject to heightened

review. *See Anonymous Online Speakers,* 661 F.3d at 1176 ("The district court

here appropriately considered the important value of anonymous speech

balanced against a party's need for relevant discovery in a civil action.").

And while it did not explicitly provide a standard, this Court cited

22

*2TheMart* for its recognition that "a higher standard should apply when a subpoena seeks the identity of an anonymous Internet user **who is not a party to the underlying litigation**." *Id.* (citing *2TheMart*, 140 F. Supp. 2d at 1088) (emphasis added). As the *2TheMart* court explained:

> The free exchange of ideas on the Internet is driven in large part by the ability of Internet users to communicate anonymously. If Internet users could be stripped of that anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus on basic First Amendment rights. Therefore, discovery requests seeking to identify anonymous Internet users must be subjected to careful scrutiny by the courts.

140 F. Supp. 2d at 1093.

Given the acceptance of *2TheMart* among district courts in the Ninth Circuit and elsewhere over the last 23 years, the magistrate judge appropriately applied it here. So did the district courts in the previous two *In re Reddit* matters. *See, e.g.*, E.R._46, 67, 101.

Under *2TheMart*, the proponent of a subpoena seeking to unmask a non-party, anonymous speaker must clearly demonstrate on the record that: (1) the subpoena was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to the claim

23

or defense, and (4) the information sufficient to establish or to disprove the claim or defense is unavailable from any other source. *Id.* at 1095.

Thus, before a speaker's First Amendment right to speak anonymously may be burdened, a more focused evaluation of good faith, relevance, and availability of the discovery elsewhere is required. In the words of *2TheMart*, "when First Amendment rights are at stake, a higher threshold of relevancy must be imposed. Only when the information sought is directly and materially relevant to a core claim or defense can the need for the information outweigh the First Amendment right to speak anonymously." *Id.* at 1096. That showing failed in *2TheMart*, where a defendant corporation in a shareholder derivative lawsuit sought to unmask 23 individuals who had posted highly critical statements about the company on an investing website. Learning their identities was not *directly and materially* relevant to a *core* defense by the company, and even without knowing the identities, the defendant was free to argue that the postings affected the market.

Application of the *2TheMart* standard is appropriate here for several reasons. First, as already discussed, the six subject Redditors' speech and anonymity are unquestionably protected by the First Amendment. Second,

24

providing the IP addresses of the Reddit users will identify or "unmask" them. Courts routinely recognize that providing an IP address identifies the speaker.[3] Third, the speakers that the Appellants seek to unmask are non-party "witnesses," not potential Doe defendants, and so unmasking them is not necessary for the case to continue. *Anonymous Online Speakers*, 661 F.3d at 1176 (citing *2TheMart*, 140 F. Supp. 2d at 1095).

And, above all, as the *2TheMart* court recognized, unmasking anonymous speakers in circumstances like these chills speech. Without a heightened standard for third-party discovery, anyone who wants to intimidate and silence Redditors—or any anonymous speakers—for

---

[3] E.R._105 (Reddit "[u]sers generally participate on the platform pseudonymously, and Reddit does not require that they use or provide Reddit with their legal names or addresses"). *See, e.g.*, *Castro v. Doe*, No. 23-mc-80198, 2023 WL 9232964, at *2–3 (N.D. Cal. Oct. 12, 2023) (Hixson, M.J.) (applying First Amendment unmasking standards to subpoena seeking "[a] list of all internet protocol addresses used by Wikipedia Administrator…to access his Wikipedia account over the past 12 months"); *Wirt v. Twitter, Inc.*, No. 21-mc-801660, 2021 WL 5919846, at *1 (N.D. Cal. Dec. 15, 2021) (engaging in First Amendment analysis where IP addresses associated with Tweets were being requested from Twitter); *Obi Pharma, Inc. v. Does 1-20*, No. 16-CV-2218, 2017 WL 1520085, at *5 (S.D. Cal. Apr. 27, 2017) (after application of First Amendment standards, recognizing IP addresses to be essential to unmasking because an "IP address cannot be made up in the same way that a poster may provide a false name and address").

engaging in legitimate, protected speech and discussion, will use civil discovery for those improper ends.

Indeed, the chilling effect of unmasking speakers in this situation has been repeatedly acknowledged by courts. *SI03, Inc. v. Bodybuilding.com*, No. 07-cv-6311, 2008 WL 11348458, at *3 (D. Idaho May 1, 2008) ("Because companies can abuse the subpoena power to silence legitimate speech, courts have had to determine when it is appropriate to order an [ISP] to disclose the identity of the author behind an anonymous posting."); *SaleHoo Grp., Ltd. v. ABC Co.*, 722 F. Supp. 2d 1210, 1216 (W.D. Wash. 2010) ("[S]ubpoenas to unmask anonymous Internet speakers in connection with civil lawsuits is on the rise [and] raises serious concerns because it threatens to cause a significant chilling effect on Internet communications and thus on basic First Amendment rights.") (internal quotation marks omitted); *Malibu Media, LLC v. John Does 1 through 10*, No. 12-cv-3623, 2012 WL 5382304, at *4 (C.D. Cal. June 27, 2012) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial.").

26

Here, once unmasked for their constitutionally protected speech, the anonymity of the six Redditors is lost forever and cannot be restored. *See Antman v. Uber Techs., Inc.*, No. 15-cv-01175, 2016 WL 164294, at *3 (N.D. Cal. Jan. 14, 2016) (finding "significant potential prejudice" because "anonymity, once lost to the subpoena in this case, could not be restored"). Robust judicial scrutiny is thus a critical check against overreach by civil litigants seeking to intimidate speakers like these for their speech. "[T]he First Amendment requires [courts] to be vigilant in making [these] judgments, to guard against undue hindrances to political conversations and the exchange of ideas." *Buckley v. Am. Const. L. Found., Inc.*, 525 U.S. 182, 192 (1999).

## C. Under the *2TheMart* standard, the subpoena here was rightly quashed, and this Court may affirm on this alternative ground.

As noted above, to survive scrutiny under the heightened, *2TheMart* standard, Appellants must show that (1) the subpoena seeking information was issued in good faith and not for any improper purpose, (2) information sought relates to a core claim or defense, (3) identifying information is directly and materially relevant to the claim or defense, and (4) information

27

sufficient to establish or to disprove the claim or defense is unavailable from any other source. *2TheMart*, 140 F. Supp. 2d at 1095.

Even leaving aside the first factor—which is dubious in light of Appellants' repeated failed attempts over three litigations to unmask anonymous Reddit users in virtually the same circumstances—Appellants cannot satisfy the remaining factors.

After all, as extensively discussed above, Appellants have been able to show, at best, only *de minimis* probative value, and the fact that Appellants already have the IP addresses of infringers on Frontier's platform undermines any argument that the information is unavailable from any other source. In short, having failed to satisfy the far lower Rule 45 standard, Appellants cannot possibly clear the higher bar set forth in the appropriate, heightened standard of *2TheMart*. E.R._17–18. On this alternative basis, this Court may affirm.

## CONCLUSION

Based upon the foregoing, Reddit respectfully requests that the order quashing the subpoena be affirmed.

Dated: December 16, 2024      **PERKINS COIE LLP**

By: */s/ Eric Wolff*
_____

Eric B. Wolff
Jordan C. Harris
PERKINS COIE LLP
1201 Third Avenue Suite 4900
Seattle, Washington
Phone: (206) 359-8000
E-mail: ewolff@perkinscoie.com
E-mail: jordanharris@perkinscoie.com

Hayden Schottlaender
PERKINS COIE LLP
500 N Akard Street, Suite 3300
Dallas, Texas
Phone: (206) 359-8000
E-mail: hschottlaender@perkinscoie.com

*Attorneys for Appellee*
*Reddit, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 24-3893

I am the attorney or self-represented party.

**This brief contains** | 5,569 | **words,** including | 50 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.

☐ a party or parties are filing a single brief in response to multiple briefs.

☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated | |.

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Eric Wolff | **Date** | 12/16/24

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**          *Rev. 12/01/22*