No. 24-3893

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: SUBPOENA TO REDDIT, INC.

REDDIT, INC.

INTERESTED PARTY-APPELLEE,

v.

KILLING LINK DISTRIBUTION, LLC and SCREEN MEDIA VENTURES, LLC

MOVANTS-APPELLANTS,

VOLTAGE HOLDINGS, LLC

MOVANTS.

On Appeal from the United States District Court
for the Northern District of California
No. 1:24-mc-80005-JD
The Honorable James Donato

**BRIEF OF AMICUS CURIAE ELECTRONIC FRONTIER
FOUNDATION IN SUPPORT OF REDDIT, INC. AND AFFIRMANCE**

Corynne McSherry
Aaron Mackey
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Email: corynne@eff.org
Telephone: (415) 436-9333
Fax: (415) 436-9993

*Counsel for Amicus Curiae*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 26.1 and 29(a)(4) of the Federal Rules of Appellate Procedure, amicus states that it does not have a parent corporation and that no publicly held corporation owns 10% or more of its stock.

Dated: December 18, 2024            By:   /s/ *Corynne McSherry*
                                                               Corynne McSherry

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ......................................................... i

TABLE OF AUTHORITIES ................................................................................ iii

STATEMENT OF INTEREST OF AMICUS ......................................................... 1

INTRODUCTION ................................................................................................... 2

ARGUMENT ........................................................................................................... 3

    I.    FIRST AMENDMENT PROTECTS ANONYMOUS ONLINE SPEECH, PARTICULARLY THAT OF NONPARTIES ................... 3

    II.   THIS COURT SHOULD REJECT PLAINTIFFS' INVITATION TO BYPASS THE 2THEMART STANDARD WHERE SPEECH DISCUSSES UNLAWFUL ACTIVITY .............................................. 5

        A.    The Reddit users' speech is protected by the First Amendment ................................................................................ 5

        B.    There is no "copyright exception" to First Amendment protections for anonymous speech ............................................ 7

CONCLUSION ...................................................................................................... 12

CERTIFICATE OF COMPLIANCE .................................................................... 14

CERTIFICATE OF SERVICE .............................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Arista Records, LLC v. Doe 3*,
  604 F.3d 110 (2d Cir. 2010) ............................................................................. 7

*Art of Living Found. v. Does 1-10*,
  No. 10-CV-05022-LHK,
  2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) ................................................ 3, 8

*Brandenberg v. Ohio*,
  395 U.S. 444 (1969) ......................................................................................... 6

*Counterman v. Colorado*,
  600 U.S. 66 (2023) ........................................................................................... 6

*Doe v. 2TheMart, Inc.*,
  140 F.Supp.2d 1088 (W.D. Wash. 2001) .................................................. passim

*Highfields Capital Management L.P. v. Doe*,
  385 F.Supp.2d 969 (N.D. Cal 2005) ............................................................ 8, 10

*In re Anonymous Online Speakers*,
  661 F.3d 1168 (9th Cir. 2011) ...................................................................... 3, 5

*In re DMCA 512(h) Subpoena to Twitter*,
  608 F.Supp.3d 868 (N.D. Cal 2022) ............................................................ 8, 10

*In re DMCA Subpoena to Reddit, Inc.*,
  441 F. Supp. 3d 875 (N.D. Cal. 2020) .......................................................... 1, 2

*In Re Subpoena to Reddit*,
  671 F.Supp 3d 1022 .......................................................................................... 7

*McIntyre v. Ohio Elections Comm'n*,
  514 U.S. 334 (1995) ......................................................................................... 3

*Rich v. Butowsky*,
  No. 20-mc-80081-DMR,
  2020 WL 5910069 (N.D. Cal. Oct. 6, 2020) .................................................... 7

*Signature Mgmt. Team, LLC v. Doe*,
  876 F.3d 831 (6th Cir. 2017) .................................................................. 1, 8, 9

*Silvers v. Sony Searchlight*,
  402 F. 3d 881 (9th Cir. 2005) .......................................................................... 7

*Sines v. Kessler*,
   Case No. 18-mc-80080-JCS,
   2018 WL 3730434 (N.D. Cal. Aug. 6, 2018) ....................................................... 7
*Sony Music Entm't, Inc. v. Does* 1-40,
   326 F. Supp. 2d 556 (S.D.N.Y. 2004) ........................................................... 7, 8
*U.S. v. Rundo*,
   990 F.3d 709 (9th Cir. 2021) ............................................................................ 6
*U.S. v. Williams*,
   553 U.S. 285 (2008) .......................................................................................... 6

## Other Authorities

James Ball & Paul Hamilos, *Ecuador's President Used Millions of
   Dollars of Public Funds to Censor Critical Online Videos*,
   BuzzFeedNews (Sept. 24, 2015) ....................................................................... 10
Mitch Stoltz, *Using Copyright to Silence Oil Sands Satire?
   How Crude.*, EFF DeepLinks (Aug. 20, 2013) ............................................... 11
Nate Anderson, *What Fair Use? Three Strikes and You're Out… of YouTube*,
   Ars Technica (Jan. 15, 2009) .......................................................................... 11
*Prince vs. Prince Fan Sites*, Digital Media Law Project (Jan. 25, 2008) ................ 11
*Takedown Hall of Shame,* Electronic Frontier Foundation ..................................... 11

## STATEMENT OF INTEREST OF AMICUS[1]

The Electronic Frontier Foundation ("EFF") is a member-supported, non-profit civil liberties organization based in San Francisco that works to protect free speech and privacy in the digital world. Founded in 1990, EFF has more than 35,000 dues-paying members. EFF represents the interests of technology users in both court cases and broader policy debates surrounding the application of law to technology.

Defending the First Amendment's protections for anonymous online speakers and combating misuse of copyright law to silence speech online are central to EFF's work. EFF has repeatedly represented anonymous online speakers and appeared as amicus curiae in numerous cases where the First Amendment's protections for anonymous speech are at issue. *See, e.g.*, *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875 (N.D. Cal. 2020) (serving as counsel to Doe); *Signature Mgm't Team, LLC v. Doe*, 876 F.3d 831 (6th Cir. 2017) (serving as amicus curiae) [2] EFF has also represented speakers whose protected expression was taken offline as a result of an abusive takedown request under the Digital

---

[1] Pursuant to Federal Rule of Appellate Procedure Rule 29(a)(4)(E), amicus certify that no person or entity, other than amicus curiae, their members, or their counsel, made a monetary contribution to the preparation or submission of this brief or authored this brief in whole or in part. The parties have consented to the filing of this brief.

[2] A list of anonymous speech cases in which EFF has participated is available at https://www.eff.org/issues/anonymity

1

Millenium Copyright Act, *see Lenz v. Universal Music Corp.*, 815 F.3d 1145 (9th Cir. 2016), as well as anonymous speakers targeted by a DMCA subpoenas. *See In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d 875 (N.D. Cal. 2020)

## INTRODUCTION

This appeal seeks to intrude upon the district court's broad discretion to limit third-party discovery, especially where it implicates internet users' First Amendment rights to speak anonymously. This Court can and should affirm the district court's order on multiple grounds, including on well-settled law governing discovery generally. If it decides to reach the First Amendment issues raised in this case, however, EFF urges the Court to adopt the magistrate judge's analysis. It is well established that the First Amendment's robust protections for anonymous speech apply to online speakers, and that they cannot be unmasked unless the party seeking to identify them can meet a heightened standard.

It is also clear that there is no copyright exception to this rule. The Plaintiffs' effort to elevate a single remark by the district court to claim otherwise runs contrary to black letter law holding that the First Amendment protects speech about, and even advocacy of, illegal activity. Thus, the Reddit users' discussion of downloading copyrighted material is deserving of First Amendment protections and Plaintiffs' subpoena must overcome the robust test courts have adopted to

2

unmask third-party anonymous speakers. Plaintiffs have not met that standard, and this Court can affirm on that separate basis.

## ARGUMENT

I.  **FIRST AMENDMENT PROTECTS ANONYMOUS ONLINE SPEECH, PARTICULARLY THAT OF NONPARTIES**

The First Amendment protects the right to anonymous speech. *Art of Living Found. v. Does 1-10,* No. 10-CV-05022-LHK, 2011 WL 5444622, at *3 (N.D. Cal. Nov. 9, 2011) ("It is well established that the First Amendment protects the right to anonymous speech.") (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)); *In re Anonymous Online Speakers*, 661 F.3d 1168, 1172–73 (9th Cir. 2011) ("It is now settled that 'an author's decision to remain anonymous . . . is an aspect of the freedom of speech protected by the First Amendment.'"). Further, that protection applies in full to speech shared via online platforms. See *id.*, 661 F.3d at 1168 ("[O]nline speech stands on the same footing as other speech.").

Accordingly, courts require parties seeking to unmask a user to show that unmasking is both necessary and serves a legitimate, nonretaliatory purpose. These tests vary, but all attempt to balance a party's need for identifying information in order to pursue its claims against the speaker's constitutional right to "express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism.'" *In re Anonymous Online Speakers*, 661 F.3d at 1168 (citation omitted).

When the subpoena is directed to a third party witness, moreover, courts in this circuit apply the particularly strict standard set for in *Doe v. 2TheMart, Inc.*, 140 F.Supp.2d 1088 (W.D. Wash. 2001). As that decision recognized, the First Amendment's protections are heightened when the discovery seeks to unmask online speakers who are the subjects of a third-party subpoena:

> If Internet users could be stripped of that anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus on basic First Amendment rights." *Id*. at 1093.

Moreover, parties can often proceed with their claims without unmasking the third party:

> When the anonymous Internet user is not a party to the case, the litigation can go forward without the disclosure of their identity. Therefore, non-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker.

*2TheMart*, 140 F. Supp. at 1095.

Accordingly, courts reviewing third-party subpoenas that seek to unmask anonymous users therefore carefully scrutinize such demands to avoid unnecessarily hindering the free exchange of ideas. *Id*. It is Plaintiffs burden to meet this standard, and their failure to do so is well explained in Reddit's briefing and the magistrate judge's thoughtful opinion. See Appellee Reddit's Answering Brief ("Answ. Br.") at 16-18, 24-28. Amicus will not repeat those arguments here. Simply put, the information Plaintiffs seek is only tangentially relevant to their

claims at best and, based on Plaintiff's history of harassing other unmasked Does, may not even be sought in good faith. See Answ. Br. at 7

## II. THIS COURT SHOULD REJECT PLAINTIFFS' INVITATION TO BYPASS THE 2THEMART STANDARD WHERE SPEECH DISCUSSES UNLAWFUL ACTIVITY

Recognizing that their subpoena cannot meet the *2TheMart* standard, Plaintiffs have seized upon a single sentence in the record below to insist that *In re Anonymous Online Speakers* effectively rewrote the standard to exclude speech that concerns illegal activity, particularly copyright infringement. Appellants' Opening Brief ("Open. Br.") at 35. This Court should reject that theory outright.

### A. The Reddit users' speech is protected by the First Amendment

As an initial matter, Plaintiffs misread *In re Anonymous Online Speakers*. Noting that commercial speech may receive less First Amendment protection than political, religious or literary speech, this Court stated that the nature of the speech should be a driving force in choose the proper standard for reviewing an unmasking request. 661 F.3d. at 1177. It did not suggest, however, that the nature of the speech could lead courts to ignore First Amendment protections altogether, nor did it even decide what standard was appropriate for the case before it. Rather, it concluded that the district court's own choice was not clearly erroneous and affirmed on that basis. *Id*.

5

With the exception of that single sentence at oral argument in this matter, Amicus is not aware of any case where any court, much less this Court, has suggested that the First Amendment does not apply to any speech *discussing* illegal activity. Indeed, the Supreme Court recently reaffirmed that even "advocacy of illegal acts" is "within the First Amendment's core." *Counterman v. Colorado*, 600 U.S. 66,76 (2023). It is a bedrock First Amendment principle that there is a constitutional distinction between general advocacy of illegal activity—which is protected speech—and imminent incitement to unlawful activity—which is not. *See U.S. v. Rundo*, 990 F.3d 709, 717 (9th Cir. 2021)(Anti-Riot Act's prohibition on encouraging and promoting a riot swept up protected First Amendment speech); *see also U.S. v. Williams*, 553 U.S. 285, 298-99 (2008); *Brandenberg v. Ohio*, 395 U.S. 444, 447-48 (1969). Protecting such speech is a core purpose of the First Amendment because it ensures that people can robustly debate civil and criminal laws and advocate for change.

Measured against this First Amendment standard, the Reddit users' comments describing downloading copyrighted material easily fall within protected expression. Whatever the Plaintiffs' views of the speech by these Reddit users, general discussions regarding of downloading copyrighted materials are protected by the First Amendment.

That, in turn, means the more salient First Amendment question is which anonymous speech test is appropriate given the relationship between the parties and the Does. *See Anonymous Online Speakers*, 661 F. 3d at 1176 (collecting cases); *see also e.g. In Re Subpoena to Reddit,* 671 F.Supp 3d 1022; *Sines v. Kessler*, Case No. 18-mc-80080-JCS, 2018 WL 3730434 (N.D. Cal. Aug. 6, 2018); *Rich v. Butowsky*, No. 20-mc-80081-DMR, 2020 WL 5910069, at *3–4 (N.D. Cal. Oct. 6, 2020). Here, as noted above, there is no relationship whatsoever—the Does are nonparties and, as such, their identities are entitled to heightened protection under *2TheMart*.

**B.     There is no "copyright exception" to First Amendment protections for anonymous speech**

The fact that the speech in question discusses copyright infringement does not change the analysis. Copyrights may have a constitutional basis, but are nonetheless creatures of statute. *Silvers v. Sony Searchlight* 402 F. 3d 881, 884 (9th Cir. 2005). They cannot trump constitutional rights.

Accordingly, where allegedly infringing but anonymous activity is expressive, the First Amendment applies. For example, early Doe cases recognized that peer-to-peer filesharing (including Plaintiffs' principal case) involved First Amendment activity, though courts applying relatively weak tests in that context. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *Sony Music Entm't, Inc. v. Does* 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004). In *Sony*, for

7

example, the court created a five-factor test to consider whether to identify people sharing music over peer-to-peer networks: "(1) a concrete showing of a prima facie claim of actionable harm (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy." 326 F Supp.2d at 564-65 (citations omitted).

Where speech connected to alleged infringement is more substantially expressive, however, courts have applied more robust tests. *See In re DMCA 512(h) Subpoena to Twitter*, 608 F.Supp.3d 868 (N.D. Cal 2022) (applying Doe balancing test and ordering subpoena quashed where target's use was non-infringing fair use). In *Art of Living Found. v. Does 1-10*, for example, the court declined to apply the *Sony* standard in a copyright case where the alleged infringer had engaged in critical commentary, in favor of the more rigorous standard set forth in *Highfields Capital Management L.P. v. Doe*. 2011 WL 5444622 at *5-7 (N.D. Cal. Nov. 9, 2011), citing *Highfields Capital Management L.P. v. Doe*, 385 F.Supp.2d 969 (N.D. Cal 2005).

Indeed, one appellate court refused to unmask an anonymous defendant even after they were found liable for infringement. In *Signature Mgmt. Team, LLC v. Doe*, Plaintiffs sought to identify the anonymous speaker who posted a downloadable copy of one of the company's copyrighted books on his blog. 876

F.3d 831 (6th Cir. 2017). The company prevailed on its copyright claim, but the district court denied the company's request to unmask the blogger. *Id*. at 834-35. On appeal, the company argued that "since Doe is an adjudicated copyright infringer, his speech is not protected by the First Amendment." *Id*. at 835. The Sixth Circuit rejected that argument, noting that an unmasking analysis based solely on copyright law would mean disregarding the broader context of a speakers' expression. Given that the anonymous defendant had already complied with the relief granted, the court concluded that there was no practical need to pierce their anonymity. As the court observed, "an order unmasking Doe would [. . .] unmask him in connection with both protected and unprotected speech and might hinder his ability to engage in anonymous speech in the future." *Id*. at 839.

If courts in copyright cases consistently recognize a *defendant*'s right to anonymity under the First Amendment (subject to a determination that the Doe factors, on balance, merit unmasking), it makes little sense to deny that protection where the Does in question are *third party witnesses* (at best), and still less where the speech in question *refers* to infringement but does not involve actual infringement itself.

Moreover, the same concerns animating the Sixth Circuit's *Signature Management* decision apply here, where unmasking the Does in question may chill their future speech on Reddit and other forums, including speech that has nothing

9

to do with infringement. *See generally in re Twitter* at 878.[3] Contrary to Plaintffs' assertion, the release of any identifying information about the users could harm them. For example, an IP address may reveal that a user has multiple accounts or usernames with Reddit, possibly including one that identifies them, as both would use the same IP address to connect to Reddit. The First Amendment's protections for anonymous speech, however, include "being free to use a screen name" desired by the speaker so that "more people will attend to the substance of his views." *Highfields,* 385 F.Supp.2d at 980.

Further the Does would have good reason to fear retaliation, keeping in mind that copyright holders often use infringement allegations to shut down lawful speech. To take just a few examples:

- The government of Ecuador engaged in a well-funded and sustained campaign of DMCA abuse to silence criticism of President Rafael Correa.[4]

---

[3] "[I]t is possible for a speaker's interest in anonymity to extend beyond the alleged infringement. Consider a hypothetical: An anonymous blogger writes hundreds of blog posts criticizing a powerful political figure, Mr. X. In one post, the blogger includes a copyrighted image owned by Mr. X. If Mr. X were to sue for copyright infringement, the court would need to consider the interests on both sides—even if the blog post did not constitute fair use. The blogger's interest in anonymity (with respect to Mr. X) may be so great as to outweigh Mr. X's interest in enforcing his copyright."

[4] James Ball & Paul Hamilos, *Ecuador's President Used Millions of Dollars of Public Funds to Censor Critical Online Videos*, BuzzFeedNews (Sept. 24, 2015), www.buzzfeed.com/jamesball/ecuadors-president-used-millions-of-dollars-of-public-funds.

- The Alberta tourism bureau, Travel Alberta, sent a takedown notice targeting a satirical video that happened to use four seconds of a Travel Alberta advertisement.[5] The video was tied to a fundraising campaign by Andy Cobb and Mike Damanskis, Los Angeles-based satirists who have authored over 100 political comedy videos.

- Film critic Kevin B. Lee found his entire account removed from YouTube in response to takedown notices complaining about clips Lee used in the criticism he posted there.[6]

- The musician Prince sent a series of takedown notices targeting fan videos—even though he did not own the music in question.[7]

Similar abuses have been documented for decades, and many more are collected at EFF's Takedown Hall of Shame.[8]

Perhaps anticipating this argument, Plaintiffs insist the strength of their underlying infringement claim helps justify bypassing *2TheMart*. That puts the cart

---

[5] *See* Mitch Stoltz, *Using Copyright to Silence Oil Sands Satire? How Crude.*, EFF DeepLinks Blog (Aug. 20, 2013), https://www.eff.org/deeplinks/2013/08/using-copyright-silence-oil-company-satire-how-crude.

[6] *See* Nate Anderson, *What Fair Use? Three Strikes and You're Out… of YouTube*, Ars Technica (Jan. 15, 2009), http://arstechnica.com/tech-policy/news/2009/01/what-fair-use-three-strikes-and-youre-out-of-youtube.ars.

[7] *See Prince vs. Prince Fan Sites*, Digital Media Law Project (Jan. 25, 2008), http://www.dmlp.org/threats/prince-v-prince-fan-sites (collecting Prince's threats).

[8] *Takedown Hall of Shame,* Electronic Frontier Foundation*,* www.eff.org/takedowns.

11

before the horse. The strength of a plaintiffs' prima facie case may be relevant to the legitimacy of the subpoena. But it says nothing about whether a court should apply the well-established *2TheMart* standard in the first place, much less whether there is a compelling need to unmask these Does in order to advance the underlying case.

That need is far from compelling here. See Answ. Br. at 14. Plaintiffs core claim in the underlying case is that Frontier failed to implement a repeat infringer policy. Plaintiffs have ample opportunity to obtain relevant evidence from Frontier itself. Indeed, it is surprising that Plaintiffs have chosen to waste substantial judicial resources, not mention their own, pursuing the identities of a few Reddit subscribers. Answ. Br. at 6-7. It may be that Plaintiffs hope to invite a circuit split by convincing this Court to do what the Sixth Circuit would not: create a "copyright exception" to traditional First Amendment anonymity protections.

Amicus urges the Court to decline that invitation. Copyright holders are entitled to pursue legitimate claims, but they are not entitled to bypass the independent First Amendment protections for anonymity.

## CONCLUSION

For the reasons stated above, as well as those discussed in Reddit's Answering Brief, Plaintiffs have not met their burden under any relevant discovery standard. Amicus urges the Court to affirm the decision below.

Dated: December 19, 2024   By: /s/ *Corynne McSherry*
                                                  Corynne McSherry
                                                  Aaron Mackey
                                                  ELECTRONIC FRONTIER FOUNDATION
                                                  815 Eddy Street
                                                  San Francisco, CA 94109
                                                  Telephone: (415) 436-9333
                                                  Fax: (415) 436-9993
                                                  corynne@eff.org

                                                  *Counsel for Amicus Curiae*
                                                  *Electronic Frontier Foundation*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify as follows:

1. This Brief of AMICUS CURIAE ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF REDDIT, INC. AND AFFIRMANCE complies with the type-volume limitation of Fed. R. App. P. 29 because this brief contains 2,790 words, excluding the parts of the brief exempted by Fed. R. App. P. 29; and

2. This brief complies with the typeface requirements of Fed. R. App. P. 32 and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365, the word processing system used to prepare the brief, in 14 point font in Times New Roman font.

Dated: December 19, 2024   By: /s/ Corynne McSherry
                               Corynne McSherry

                               *Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 19, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: December 19, 2024

By: /s/ *Corynne McSherry*
Corynne McSherry

*Counsel for Amicus Curiae*